IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERNEST WASHINGTON           )
                            )
     v.                     )     NO. 3:14-1465
                            )
TIM HINDSLEY, et al.        )

TO: Honorable Kevin H. Sharp, Chief District Judge

**R E P O R T   A N D   R E C O M E N D A T I O N**

By Order entered August 6, 2014 (Docket Entry No. 4), the Court referred this action to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the Defendants' motion to dismiss (Docket Entry No. 10), to which the Plaintiff has filed a response in opposition. See Docket Entry No. 15. For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

**I.  BACKGROUND**

The Plaintiff is an inmate currently in the custody of the Davidson County, Tennessee Sheriff's Office ("DCSO") and confined at the Criminal Justice Center ("CJC"). He filed this action pro se and in forma pauperis on July 17, 2014, seeking "10,000" and other relief under 42 U.S.C.

§ 1983. See Complaint (Docket Entry No. 1), at 5.[1] Named as defendants are DCSO employees Tim Hindsley and Brian Henley.

The Plaintiff alleges that, on June 21, 2014, Defendant Henley issued him a disciplinary write-up "for smoking, contraband possession, and violating house rules." Id. at 4. He asserts that the charges were false and unsupported by any evidence but that he was found guilty of the charges after a June 24, 2014, disciplinary hearing over which Defendant Hindsley presided. Id. The Plaintiff was given ten days in segregation as punishment for the disciplinary offenses. Id. He alleges that he was not permitted to have any contact with his children or mother while in segregation and that the segregation cell contains fire hazards, lacks a sprinkler, and has black mold underneath the bed. Id. The Plaintiff brings a claim against Defendant Henley for issuing him a false disciplinary write up and for not following policies and procedures. Id. at 5. He brings a claim against Defendant Hindsley for violating his due process rights at the disciplinary hearing, for not following policies and procedures, and for cruel and unconstitutional punishment because of the conditions in the segregation cell. Id.

In lieu of answers, the Defendants have filed the pending motion to dismiss. The Defendants contend that dismissal of the Plaintiff's action is required because he did not fully exhaust his available administrative remedies within the DCSO prior to bringing this action as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The Defendants assert that, although the Plaintiff has filed numerous grievances at the CJC, he failed to file a grievance concerning the events forming the basis for his claims against the Defendants. In support of their motion, the

---

[1] Although the Plaintiff's complaint was filed on July 17, 2014, he signed it on June 26, 2014. See Docket Entry No. 1, at 5.

Defendants submit the Declaration of Tom Davis, the Records Manager for the DCSO (Docket Entry No. 12), and copies of grievance documents from the CJC. See Docket Entry Nos. 12-1 through 12-3.

The Plaintiff filed a brief response contending that he "did use the grievance and appeal system only for it to be of no avail" and that he has "paperwork to back up his accusation that the grievance system and the appeal system are both set up wrong." See Docket Entry No. 15.

## II. STANDARD OF REVIEW

Although the Defendants fail to provide a procedural basis for their motion to dismiss, they refer to the standard of review applicable to a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, see Docket Entry No. 11, at 2-3, which requires that the factual allegations supplied by the Plaintiff, when taken as true, must be enough to show a plausible right to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-61, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). To the extent that the Defendants' reference to this standard implies that the Plaintiff was required to set out in his complaint that he had fully exhausted his administrative remedies, any such implication is erroneous. In Jones v. Bock, 549 U.S. 199, 216, 127 S. Ct. 910, 921, 166 L. Ed. 2d 798 (2007), the Supreme Court specifically held that prison inmates are not required to specifically plead or demonstrate exhaustion in their complaints.

Given that the Defendants rely on matters that are outside the pleadings, the proper vehicle for their motion would have been a motion for summary judgment under Rule 56 of the Federal

Rules of Civil Procedure. See Frees v. Duby, 2010 WL 4923535, *3 (W.D. Mich. Nov. 29, 2010) (collecting cases). However, because the Court shall not exclude these outside matters, the Defendants' motion shall be converted to a motion for summary judgment in accordance with Rule 12(d). See Song v. City of Elyria, Ohio, 985 F.2d 840, 842 (6th Cir.1993).[2]

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001). However, once the moving party has presented evidence sufficient to support its motion, the nonmoving party must come forward with evidence to support his claims. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). See also Napier v. Laurel Cnty., Ky., 636 F.3d 218, 225-26 (6th Cir. 2011) (requiring prisoner plaintiff to set forth evidence to show that he has complied with the requirements of exhaustion when challenged upon a properly supported motion for summary judgment).

---

[2] This Report and Recommendation and the fourteen day period within which objections may be filed provides the Plaintiff with notice of conversion of the Defendants' motion to one for summary judgment under Rule 12(d) and provides him with the opportunity to present material that is pertinent to the issue of exhaustion raised by the Defendants.

## III. ANALYSIS

The Court finds that this action should be dismissed because the Plaintiff's claims have not been properly exhausted. The PLRA states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This statute requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. Porter v. Nussle, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The exhaustion requirement of the PLRA is mandatory. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

Once the affirmative defense of failure to exhaust is raised and supported, a prisoner plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. See Napier, 636 F.3d at 225-26. To establish that he has exhausted his administrative remedies, the Plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003), abrogated on other grounds, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

Davidson County Sheriff's Office Policy No. 1-3.540 sets out a grievance system available to DCSO inmates and provides that an inmate who is not satisfied with the decision on his grievance may file an appeal. See Declaration of Davis (Docket Entry No. 12). The DCSO's record of grievances that have been filed by the Plaintiff shows that he is well aware of the grievance procedure at the DCSO, having lodged approximately 123 grievances, including grievance appeals, from November 2013, through July 2014. See Docket Entry No. 12-3. The grievance records do

5

not show that the Plaintiff filed any type of grievance about the disciplinary charge and/or conviction or about the conditions of confinement in his segregation cell. Id.

It is the Plaintiff's burden to rebut the Defendants' supporting evidence that shows his failure to exhaust. See Napier, supra. His response in opposition to the Defendants' motion fails to satisfy this burden and fails to show that he met the PLRA's exhaustion requirement prior to filing his lawsuit. Although the Plaintiff states in response that he "did use the grievance process and the appeal system only for it to be of no avail" and "has paperwork to back up his accusation," see Docket Entry No.15, his response is an unsworn statement that cannot be considered as evidence in his favor, see Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n.17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Harris v. J.B. Robinson Jewelers, 627 F.3d 235, 239 n.1 (6th Cir. 2010); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 968-69 (6th Cir. 1991), and he has not filed any paperwork supporting his assertion. Further, as noted supra at n.1, the Plaintiff signed his Complaint on June 26, 2014, but it is based upon a disciplinary proceeding that concluded on June 24, 2014, when he was sentenced to the ten days of segregation. It is not plausible that, in the two day period from the disciplinary hearing to the date he signed his Complaint, he could have filed a grievance, received a response, filed a grievance appeal, and received a response to the appeal. The PLRA requires the full round of available remedies to be exhausted before an inmate files his lawsuit, Cox v. Mayer, 332 F.3d 422, 425 (6th Cir. 2003), and an inmate is not permitted to abandon the grievance process prior to filing his lawsuit. Hartsfield, 199 F.3d at 309.

The Plaintiff's complaints that the grievance and appeal system at the DCSO are "set up wrong" do not negate the requirement that this action be dismissed because of his failure to exhaust available remedies. It is well-settled that there is no futility exception to the exhaustion requirement,

and the Plaintiff is not relieved from the requirement of full exhaustion because he subjectively believes that it was pointless to file a grievance or that the grievance system is faulty. Booth, 532 U.S. at 741 n.6; Napier, 636 F.3d at 222; Boyd v. Corrections Corp. of Am., 380 F.3d 989, 998 (6th Cir. 2004); Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999).

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Defendants' motion to dismiss (Docket Entry No. 10) be GRANTED and this action be DISMISSED WITHOUT PREJUDICE in accordance with 42 U.S.C. § 1997e(a).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

*[Signature: Juliet Griffin]*
JULIET GRIFFIN
United States Magistrate Judge